COLLIN & GISSEL *v.* UNITED STATES

**No. 5796.**—Invoice dated Slateford, Edinburgh, Scotland, June 25, 1940.
Certified June 28, 1940
Entered at Houston, Tex., July 29, 1940.
Entry No. 56-H.

(Decided January 27, 1943)

*Philip Stein* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

KEEFE, Judge: This is an appeal by the importer for a reappraisement of the values found by the appraiser upon certain wool tweed. The merchandise was invoiced at various prices, less 2½ per centum discount. Certain charges such as postage, consul fee, and a 5 per centum war risk insurance were added to the unit prices upon the invoice, and deducted on entry as being nondutiable. The merchandise was appraised at the invoice unit prices, plus 5 per centum less 2½ per centum discount.

At the trial the broker testified that the merchandise was entered by him for the account of Battlestein, Inc., of Houston; that he had personally supervised the entry and that the deduction of war risk insurance was not allowed by the appraiser. The appraiser of the merchandise also testified for the plaintiff that there was no

question relative to the values except the inclusion of war risk insurance as a part of the dutiable values.

The plaintiff contends that war risk insurance is not properly a part of the dutiable values and was illegally added by the appraiser as a part thereof because such insurance may not be regarded as a part of "all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for shipment to the United States," as provided in section 402 of the Tariff Act of 1930. In support of plaintiff's contention counsel relies upon the case of *United States* v. *Sanchez*, 15 Ct. Cust. Appls. 443, T. D. 42642, where the court allowed a deduction of war risk insurance in determining the final appraised value.

The authority relied upon by the plaintiff is not in point here. In that case the question of the inclusion of war risk insurance or the exclusion thereof from the dutiable value of the merchandise was not involved. I am unable to find anything in the evidence before me to establish that the war risk insurance involved here covered ocean transportation only or that the item in question is not properly a part of the dutiable values of the merchandise.

Inasmuch as the plaintiff has failed to establish that war risk insurance is not a part of the dutiable values of the imported merchandise, the presumption of correctness of the appraiser's finding of values has not been overcome. I therefore find such values to be as returned by the appraiser.

Judgment will be entered accordingly.